No. 9279.

PARMALEE *v.* THE PEOPLE.

NEW TRIAL—*Single Witness Discredited.* A conviction of crime upon the unsupported testimony of a single witness who was manifestly entirely mistaken as to a controlling fact vacated.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

Messrs. ROBERTS & ROBERTS, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General; Mr. BERTRAM B. BESHOAR, Assistant Attorney General, for the people.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error, defendant below, was convicted upon an information charging that he wilfully, feloneously,

knowingly and designedly, by false pretenses, obtained a promissory note of the value of $69.93, from the prosecuting witness, by falsely and fraudulently representing that it was a receipt, with the intent to cheat and defraud. He alleges error, and brings the case here for review.

The defendant was a sewing machine agent and salesman. The transaction upon which the information is based was the sale by him to the prosecuting witness of a sewing machine, for which he received in payment an old machine and a note for the balance of the purchase price. The only testimony tending to support the information is that of the prosecuting witness. Ordinarily the verdict of a jury will not be set aside by this court, but the abstract before us shows absolutely that the prosecuting witness either had forgotten, or was entirely mistaken, as to a vital and controlling fact involved in the transaction. The jury, in order to return a verdict of guilty, was of necessity obliged to rely entirely upon the testimony of this witness. The record shows conclusively that the essential facts are contrary to and in conflict with her testimony. The verdict is manifestly at variance with the proofs, and the judgment based upon it should therefore be vacated.

Upon the whole record it is apparent that there was nothing in the transaction complained of to support a conviction for obtaining the note in question by false pretenses. The judgment of the trial court is accordingly reversed and the cause remanded for further proceedings. The former opinion is withdrawn and this substituted in lieu thereof.

Judgment reversed and cause remanded.

Decision *en banc*.

Mr. Justice Burke not participating.